Slip Op. 10-136

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NTN CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> JTEKT CORPORATION and KOYO CORPORATION OF U.S.A., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE TIMKEN COMPANY, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Court No. 10-00286 |

### OPINION AND ORDER

[Denying plaintiff-intervenors' motion for preliminary injunction without prejudice]

Dated: December 17, 2010

*Baker & McKenzie LLP* (*Donald J. Unger*, *Kevin M. O'Brien*, *Kevin J. Sullivan*, and *Diane A. MacDonald*) for plaintiffs, NTN Corporation, NTN Bearing Corporation of America, NTN-Bower Corporation, American NTN Bearing Manufacturing Corporation, NTN-BCA Corporation, and NTN Driveshaft, Inc.

*Sidley Austin LLP* (*Neil R. Ellis*, *Jill Caiazzo*, *Lawrence R. Walders*, and *Rajib Pal*) for plaintiff-intervenors JTEKT Corporation and Koyo Corporation of U.S.A.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States

Department of Justice (*L. Misha Preheim*); *Deborah R. King*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest, Terence P. Stewart, William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge: Plaintiffs NTN Corporation, NTN Bearing Corporation of America, NTN-Bower Corporation, American NTN Bearing Manufacturing Corporation, NTN-BCA Corporation, and NTN Driveshaft, Inc. (collectively, "NTN") contest the final determination ("Final Results") issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"), in periodic administrative reviews of antidumping duty orders on imports of ball bearings and parts thereof (the "subject merchandise") from France, Germany, Italy, Japan, and the United Kingdom for the period from May 1, 2008 through April 30, 2009 (the "period of review"). *See Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Admin. Reviews, Final Results of Changed-Circumstances Review, and Revocation of an Order in Part*, 75 Fed. Reg. 53,661 (Sept. 1, 2010) ("*Final Results*"). NTN brings three claims. First, NTN challenges Commerce's use of its "zeroing" practice to calculate their dumping margin in the review of the order pertaining to Japan, under which practice Commerce deems sales of subject merchandise made in the United States at prices above normal value to have individual dumping margins of zero rather than negative margins. Compl. ¶¶ 19-26 ("Count One"). Second, NTN contests the application in the review of the Department's policy of issuing duty assessment and liquidation instructions to United States Customs and Border Protection ("Customs" or "CBP") fifteen days after the publication of the final results of the administrative reviews ("fifteen-day policy"). Compl. ¶¶ 27-32 ("Count

Two"). Third, NTN asserts that Commerce "may have made other programming, clerical, or methodological errors, including errors that can only be determined by reference to the confidential administrative record." Compl. ¶ 34 (Count Three).

Before the court is the motion of plaintiff-intervenors JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT") for a preliminary injunction to prohibit Customs from liquidating entries of subject merchandise produced by or on behalf of JTEKT that were made during the period of review. Mot. of Pl.-Intervenors JTEKT Corp. and Koyo Corp. of U.S.A. for Prelim. Inj. ("Pl.-Intervenors' Mot."). Defendant United States and defendant-intervenor the Timken Company ("Timken"), oppose plaintiff-intervenors' motion for a preliminary injunction. Def.'s Opp'n to JTEKT Corp. and Koyo Corp. of U.S.A.'s Mot. for Prelim. Inj. ("Def.'s Opp'n"); Timken's Opp'n to JTEKT's Mot. for Prelim. Inj ("Timken's Opp'n").

The court concludes that JTEKT has failed to demonstrate any likelihood that plaintiffs will succeed on the merits of the claims in Counts One and Three of the complaint. Plaintiff-intervenors have not intervened with respect to Count Two, which challenges the Department's fifteen-day policy. The court, therefore, must deny plaintiff-intervenors' motion for an injunction against liquidation.

## I. BACKGROUND

Pursuant to 19 U.S.C. § 1675(a) (2006), Commerce initiated the administrative reviews of the orders on the subject merchandise. *Initiation of Antidumping & Countervailing Duty Admin. Reviews and Requests for Revocation in Part*, 74 Fed. Reg. 30,052 (June 24, 2009). On April 28, 2010, the Department published its preliminary results. *Ball Bearings & Parts Thereof*

*From France, Germany, Italy, Japan, and the United Kingdom: Preliminary Results of Antidumping Admin. Reviews, Preliminary Results of Changed-Circumstances Review, Rescission of Antidumping Duty Admin. Reviews in Part, and Intent to Revoke Order in Part,* 75 Fed. Reg. 22,384 (Apr. 28, 2010). On September 1, 2010, the Department published the Final Results, which assigned a weighted-average margin of 13.46% to plaintiffs and a 10.97% weighted-average margin to JTEKT. *Final Results*, 75 Fed. Reg. at 53,662.

On September 16, 2010, plaintiffs commenced this action. Summons; Compl. On September 17, 2010, plaintiffs moved for a preliminary injunction to prohibit Customs from liquidating entries of subject merchandise produced by or on behalf of plaintiffs that were made during the period of review. Consent Mot. for Prelim. Inj. Defendant consented to this motion, which was granted. Order, Sept. 27, 2010. On October 12, 2010, the court granted JTEKT's motion to intervene as of right. Consent Mot. to Intervene by JTEKT Corp. and Koyo Corp. of U.S.A.; Order, Oct. 12, 2010. Plaintiff-intervenors filed their motion for a preliminary injunction on November 11, 2010, which defendant and defendant-intervenor oppose. Pl.-Intervenors' Mot.; Def.'s Opp'n; Timken's Opp'n. On November 22, 2010, defendant moved to dismiss all three counts set forth in plaintiffs' complaint. Def.'s Mot. to Dismiss ("Def.'s Mot."). Responses to this motion are due on January 21, 2011. On December 9, 2010, plaintiffs moved for leave to file a reply to defendant's response to plaintiff-intervenors' motion for a preliminary injunction. Pl.'s Mot. for Leave to File a Reply to the Government's Resp. to JTEKT Corp. and Koyo Corp. of U.S.A.'s Mot. for Prelim. Inj.

## II. DISCUSSION

The court has subject matter jurisdiction under 28 U.S.C. § 1581(c) (2006) to adjudicate Counts One and Three of the complaint. 28 U.S.C. § 1581(c). As provided in Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(c), the court has jurisdiction to review actions commenced under Section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a (2006), including an action contesting a final determination issued in an administrative review conducted under 19 U.S.C. § 1675(a). *See id.* The court is provided subject matter jurisdiction by 28 U.S.C. § 1581(i) to adjudicate plaintiffs' claim in Count Two, which challenges the decision to issue liquidation instructions to implement the Final Results fifteen days after publication of the Federal Register notice. *See* 28 U.S.C. § 1581(i); *SKF USA Inc. v. United States*, 31 CIT 405, 409-10 (2007) (citing *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1304-05 (Fed. Cir. 2004), and *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002-03 (Fed. Cir. 2003)).[1]

In ruling on plaintiff-intervenors' motion for preliminary injunctive relief, the court considers whether the movant is likely to succeed on the merits, whether the movant will suffer irreparable harm if the relief is not granted, whether the balance of the hardships tips in the movant's favor, and whether a preliminary injunction will not be contrary to the public interest.

---

[1] The court held in *SKF USA Inc. v. United States* that jurisdiction over a claim challenging a previous fifteen-day policy does not fall under 28 U.S.C. § 1581(c), explaining that "[t]he language in the Federal Register notice to which plaintiffs direct the court's attention is a statement of a *present* intention on the part of Commerce to take, within fifteen days of the publication of the Final Results, the *future* action of instructing Customs to liquidate, in accordance with the Final Results, the affected entries." *SKF USA Inc. v. United States*, 31 CIT 405, 409 (2007). The court reached the same conclusion in subsequent actions regarding plaintiffs' claim challenging the Department's revised fifteen-day policy. *SKF USA Inc. v. United States*, 34 CIT __, __, Slip Op. 10-57, at 6-7 (May 17, 2010); *SKF USA Inc. v. United States*, 33 CIT __, __, Slip Op. 09-121, at 17-18 (Oct. 27, 2009).

*See Belgium v. United States*, 452 F.3d 1289, 1292 (Fed. Cir. 2006) (quoting *U.S. Ass'n of Importers of Textiles & Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1346 (Fed. Cir. 2005). "No one factor, taken individually, is necessarily dispositive." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993).

### A. Plaintiff-Intervenors Have Not Intervened in Support of Plaintiffs' Claim Contesting Commerce's Fifteen-Day Policy

The court granted plaintiff-intervenors' unopposed motion to intervene, which sought intervention as a matter of right according to 28 U.S.C. § 2631(j)(1)(B). Consent Mot. to Intervene by JTEKT Corp. and Koyo Corp. of U.S.A. 2; Order, Oct. 12, 2010. Under the statute, "in a civil action under section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a], only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right." 28 U.S.C. § 2631(j)(1)(B). As expressly limited by § 2631(j)(1)(B), the intervention as a matter of right that JTEKT was granted pertains only to the counts within the complaint that arise under section 516A, which in this case are Counts One and Three. Plaintiffs' claim in Count Two challenging the Department's fifteen-day policy, which depends on 28 U.S.C. § 1581(i) for subject matter jurisdiction, does not arise under Section 516A and instead arises under the Administrative Procedure Act, 5 U.S.C. § 702 (2006). *See Motion Systems v. Bush*, 437 F.3d 1356, 1359 (Fed. Cir. 2006). Therefore, JTEKT could intervene with respect to the claim in Count Two only as a matter of permissive intervention. *See* 28 U.S.C. § 2631(j). Plaintiff-intervenors have not filed a motion for permissive intervention as to that claim.

Moreover, were JTEKT now to move to intervene with respect to Count Two, it is probable that the court would be required to deny any such motion for lack of standing. According to 28 U.S.C. § 2631(j), permissive intervention is available only to persons "adversely affected or aggrieved by a decision in a civil action," a requirement grounded in the standing requirement under Article III of the United States Constitution. It is unlikely that JTEKT would be able to demonstrate that they were affected in any way by the agency action NTN is challenging in Count Two, which is the Department's application of the fifteen-day policy to implement the Final Results. In Count Two, NTN's claim is that "[t]he Department's determination to send liquidation instructions to Customs and Border Protection prior to the time allowed by law for initializing judicial review of the publication of the final determination is unsupported by substantial evidence of record and otherwise not in accordance with law." Compl. ¶ 32. To demonstrate standing, NTN asserted as a fact that "[t]o prevent premature liquidation of its entries, NTN was required to file its summons and complaint within less than the statutorily permitted periods"; NTN did so in order to move for and obtain a preliminary injunction against liquidation. *Id.* ¶ 29. In referring to "the statutorily permitted periods" and the "time allowed by law for initializing judicial review," NTN's complaint must be construed to mean a period that is, at most, sixty days from the date of publication of the Final Results. *See* 19 U.S.C. § 1516a(a)(2) (allowing a party thirty days from the publication of final results of an administrative review to file a summons and thirty days from the filing of a summons to file a complaint). JTKET did not move for an injunction against liquidation until November 11, 2010, seventy-one days after publication of the Final Results. Pl.-Intervenors' Mot.; *see Final Results*. It is not apparent from these facts that the act of which NTN complains, *i.e.,* issuance of

liquidation instructions according to a policy requiring such issuance before the statutory period for commencing litigation has run, had or could have had any adverse effect on JTEKT.

### B. Plaintiff-Intervenors Fail to Show that Plaintiffs' Claims in Counts One and Three Have Any Likelihood of Success on the Merits

Plaintiff-intervenors have failed to demonstrate that the plaintiffs in this case have any likelihood of succeeding on the merits of the claims stated in Counts One and Three of the complaint. In Count One, plaintiffs' complaint alleges that due to recent developments in the World Trade Organization ("WTO"), the Department's methodology in calculating NTN's weighted-average dumping margin "fails to comply with U.S. law and U.S. obligations under international law." Compl. ¶¶ 19-26 (citing to Appellate Body Report, *United States - Laws, Regulations and Methodology for Calculating Dumping Margins ("Zeroing")*, WT/DS294 (Apr. 18, 2006); Appellate Body Report, *United States - Measures Relating to Zeroing and Sunset Reviews*, ¶¶ 137, 156, 165 and 185, WT/DS322/AB/R (Jan. 9, 2007)). Plaintiffs report that, as a result, "the United States agreed to implement the WTO decision on zeroing by December 24, 2007." Compl. ¶ 24 (citing to *U.S. Zeroing*, WT/DS322/20 (May 8, 2007)).

The U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") repeatedly has sustained Commerce's application of the zeroing methodology in administrative reviews. *See Koyo Seiko Co. v. United States*, 551 F.3d 1286 (Fed. Cir. 2008); *SKF USA, Inc. v. United States*, 537 F.3d 1373 (Fed. Cir. 2008); *NSK Ltd. v. United States*, 510 F.3d 1375 (Fed. Cir. 2007); *Corus Staal BV v. United States*, 502 F.3d 1370 (Fed. Cir. 2007). Under this binding precedent, the court previously has denied a party's motion for an injunction where the sole claim in the case was contesting Commerce's zeroing practice, on the ground that the party failed to

demonstrate any likelihood of success on the merits. *NSK Ltd. v. United States*, 34 CIT __, Slip Op. 10-117 (Oct. 15, 2010); *NSK Bearings Europe Ltd. v. United States*, 34 CIT __, Slip Op. 10-118 (Oct. 15, 2010). Because plaintiffs' claim challenging zeroing is contrary to binding precedent established and repeatedly reaffirmed by the Court of Appeals, the court concludes that plaintiff-intervenors have failed to demonstrate a likelihood that plaintiffs will succeed on the merits of the claim stated in Count One.

Plaintiff-intervenors are also unable to demonstrate that plaintiffs will have any likelihood of succeeding on the merits of the claim in Count Three. In Count Three, NTN asserts that:

> [b]ased on information and belief, NTN alleges that the ITA may have made other programming, clerical, or methodological errors, including errors that can only be determined by reference to the confidential administrative record. The administrative record has not been filed with this Court, and, therefore, NTN has not yet been able to review it.[2]

Compl. ¶ 34. The applicable pleading requirement for plaintiffs' claim in Count Three is set forth in USCIT Rule 8(a), which provides that a complaint shall contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." USCIT Rule 8(a)(2) (2010). Although a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Because plaintiff-intervenors are seeking to intervene in support of a claim that is based only upon speculation that something contrary to law may have happened, the court concludes

---

[2] The confidential administrative record in this case was filed on December 10, 2010.

that plaintiff-intervenors have failed to demonstrate that plaintiffs will succeed on the merits of their claim in Count Three.

Plaintiff-intervenors urge the court to consider the likelihood of plaintiffs' success on the merits on a "sliding scale basis" that considers the showing of irreparable harm. Mem. of Pl.-Intervenors JTEKT Corp. and Koyo Corp. of U.S.A. in Support of Mot. for Prelim. Inj. 5 (Pl.-Intervenors' Mem."). Plaintiff-intervenors argue that "in the absence of an injunction, the Department and U.S. Customs and Border Protection will proceed with liquidation of the subject entries, once the litigation in *NSK* is completed. . . .[t]hus, without an injunction, JTEKT will be deprived of its right to judicial review to a significant degree." Pl.-Intervenors' Mem. 4-5. Pursuant to court order in connection with other pending litigation, liquidation of JTEKT's entries for the period of review at issue in this action is currently enjoined. *See NSK Corp. v. United States*, Court No. 06-00334, Order, Sept. 13, 2010 (in which NSK appeals the second sunset review determination of the U.S. International Trade Commission). Without deciding the question, the court presumes, for purposes of considering the other three factors, that upon completion of that other litigation JTEKT may be in a position to be harmed irreparably by any liquidation of the affected entries that does not reflect the outcome of this litigation.

Nevertheless, even a showing of irreparable harm would not convince the court that an injunction against liquidation is warranted in this case, in which there has been shown no likelihood of success on the claims in Counts One and Three. The court reaches this conclusion even though the "balance of the hardships" and "public interest" factors are also in JTEKT's favor. The government will not incur hardship if an injunction is granted, as it would be in a position to collect any additional duties owed upon eventual liquidation. Concerning the "public

interest" factor, it is in the public interest that the entries at issue in this litigation be liquidated in accordance with the correct result on the merits. An injunction against liquidation of entries pursuant to 19 U.S.C. § 1516a(c)(2) should not be ordered without at least a showing that the issue presented is not "so clear-cut as to warrant disposing of this appeal," *Belgium*, 432 F.3d at 1295, a showing plaintiff-intervenors are unable to demonstrate with respect to those claims. Therefore, the court will deny plaintiff-intervenors' motion for a preliminary injunction.

### III. CONCLUSION AND ORDER

Plaintiff-intervenors have failed to demonstrate that plaintiffs will have any likelihood of success on the merits of the claims stated in Counts One and Three of plaintiffs' complaint. Plaintiff-intervenors have not intervened as to the claim stated in Count Two. Accordingly, the court declines to grant the injunction against liquidation sought in plaintiff-intervenors' motion.

### ORDER

Upon consideration of plaintiff-intervenors' Motion for Preliminary Injunction, plaintiff-intervenors' memorandum in support thereof, Defendant's Opposition to JTEKT Corporation and Koyo Corporation of U.S.A.'s Motion for Preliminary Injunction, Timken's Opposition to JTEKT's Motion for Preliminary Injunction, and all other papers and proceedings herein, it is hereby

**ORDERED** that plaintiff-intervenors' Motion for Preliminary Injunction be, and hereby is, DENIED without prejudice; and it is further

**ORDERED** that Plaintiffs' Motion for Leave to File a Reply to the Government's Response to JTEKT Corporation and Koyo Corporation of U.S.A.'s Motion for Preliminary Injunction be, and hereby is, DENIED as moot.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: December 17, 2010
New York, New York