# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NTN BEARING CORPORATION OF AMERICA, NTN CORPORATION, NTN BOWER CORPORATION, AMERICAN NTN BEARING MANUFACTURING CORP., NTN-BCA CORPORATION, and NTN DRIVESHAFT, INC.,** | |
| Plaintiffs, | |
| and | |
| **JTEKT CORPORATION, and KOYO CORPORATION OF U.S.A.,** | Before: Timothy C. Stanceu, Judge |
| Plaintiff-Intervenors, | Court No. 10-00286 |
| v. | |
| **UNITED STATES,** | |
| Defendant, | |
| and | |
| **THE TIMKEN COMPANY,** | |
| Defendant-Intervenor. | |

## OPINION AND ORDER

[Granting motion for stay of proceedings pending appeal in *Union Steel v. United States*, CAFC Court No. 2012-1248]

Dated: June 4, 2012

*Kevin M. O'Brien* and *Christine M. Streatfeild*, Baker & McKenzie, LLP, of Washington, DC, and *Diane A. MacDonald*, Baker & McKenzie, LLP, of Chicago, IL, for plaintiffs.

*Neil R. Ellis* and *Jill Caiazzo*, Sidley Austin, LLP, of Washington, DC, for plaintiff-intervenors.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the briefs were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director and *Claudia Burke*, Assistant Director.  Of counsel on the briefs was *Deborah R. King*, Office of the Chief Counsel for Import Administration, Department of Commerce.

*Geert M. De Prest*, *Terence P. Stewart*, *Lane S. Hurewitz* and *William A. Fennell*, Stewart and Stewart, of Washington, DC, for defendant-intervenor.

Stanceu, Judge: Plaintiffs NTN Corporation, NTN Bearing Corporation of America, NTN-Bower Corporation, American NTN Bearing Manufacturing Corporation, NTN-BCA Corporation, and NTN Driveshaft, Inc. (collectively, "NTN" or "plaintiffs") contest an antidumping determination of the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department").  Specifically, they challenge certain aspects of the final determination that Commerce issued to conclude the twentieth administrative review of antidumping duty orders covering ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom.  *Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Admin. Reviews, Final Results of Changed-Circumstances Review, and Revocation of an Order in Part*, 75 Fed. Reg. 53,661 (Sept. 1, 2010).  Joined by plaintiff-intervenors JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT" or "plaintiff-intervenors"),[1] plaintiffs challenge, *inter alia*, Commerce's use of "zeroing"[2] to calculate the dumping margin for U.S.

---

[1] On October 12, 2010, the court granted the consent motion of JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT") to intervene in this action as a matter of right.  Order (Oct. 12, 2010), ECF No. 34.

[2] As defined by the Court of Appeals for the Federal Circuit in *JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011) and in a previous decision, *Dongbu Steel Co. Ltd. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011), "zeroing is the practice whereby the values of positive dumping margins are used in calculating the overall margin, but negative dumping margins are included in the sum of margins as zeroes."  *JTEKT Corp.*, 642 F.3d. at 1383-85 (citing *Dongbu*, 635 F.3d at 1366).

sales of the subject merchandise from Japan. Pls.' Am. Compl. ¶¶ 19-26 (Feb. 1, 2011), ECF No. 66.[3] Citing determinations of the World Trade Organization ("WTO"), plaintiffs claim that "the Department's [zeroing] methodology fails to comply with U.S. law and U.S. obligations under international law." *Id.*

Before the court is the motion of plaintiffs and plaintiff-intervenors to stay this case pending the final disposition of *Union Steel v. United States*, 36 CIT __, Slip Op. 12-24 (Feb. 27, 2012) ("*Union Steel*"). Pls.' & Pl.-Intervenors' Partial Consent Mot. for Stay of Proceedings Pending Appeal in *Union Steel v. United States* (Apr. 17, 2012), ECF No. 81 ("Pls.' & Pl.-Intervenors' Partial Consent Mot."). *Union Steel* involves the question of the legality of the Department's zeroing methodology as applied to an administrative review of an antidumping duty order. *Union Steel*, 36 CIT __, __, Slip Op. 12-24, at 2. The judgment the Court of International Trade entered in that case is now on appeal before the United States Court of Appeals for the Federal Circuit ("Court of Appeals").[4] Defendant-intervenor the Timken Company ("Timken") consents to the motion. Pls.' & Pl.-Intervenors' Partial Consent Mot. 6. Defendant United States opposes the proposed stay. Def.'s Opp'n to Pls.' & Pl.-Intervenors' Mot. for Stay of Proceedings Pending Appeal in *Union Steel v. United States* (May 1, 2012), ECF No. 83 ("Def.'s Opp'n").

---

[3] Plaintiffs bring two other claims in this action. They contest the application in the review of a U.S. Department of Commerce policy of issuing duty assessment and liquidation instructions to U.S. Customs and Border Protection ("Customs" or "CBP") fifteen days after the publication of the final results of the administrative reviews. Pls.' Am. Compl. (Feb. 1, 2011), ECF No. 66 ¶¶ 27-32. Joined by plaintiff-intervenors, they also seek correction of what they claim is a ministerial error affecting the calculation of their credit expenses. *Id.* ¶¶ 33-35.

[4] The United States filed a Notice of Appeal of the judgment in *Union Steel* on March 6, 2011. ECF No. 79 (Consol Ct. No. 11-00083). The appeal has been docketed as *Union Steel v. United States*, CAFC Court No. 2012-1248.

      For the reasons discussed herein, the court will grant the motion for a stay.  In summary, the pending litigation in the Court of Appeals is likely to affect the disposition of plaintiffs' claim challenging the Department's zeroing practice.  Although the case at bar concerns a different antidumping duty order and administrative review than are involved in *Union Steel*, both cases raise the same general issue, *i.e.*, whether the Department's application of the zeroing methodology in an administrative review of an antidumping duty order is permissible under the antidumping law.  A stay, therefore, will serve the interest of judicial economy and conserve the resources of the parties.  Moreover, defendant has failed to show, or even allege, that the proposed stay would cause it harm.

      "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The decision when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted).  Although acknowledging that ordering a stay is a matter for the court's exercise of discretion, Def.'s Opp'n 2, defendant raises three arguments in opposing the motion for a stay.

      Defendant argues, first, that the movants fail to "satisf[y] their burden to show that they will suffer clear hardship by proceeding with the litigation."  *Id.*.  According to defendant, "NTN and JTEKT shift the legal standard by suggesting that a stay would not harm the defendant or defendant intervenor"; defendant submits that, instead, it is the movants who must show "they will suffer hardship–economic harm, legal prejudice or inequity–by proceeding with litigation." *Id*. at 3.  But it is defendant who misconstrues the standard.  Although a party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is

even a fair possibility that the stay for which he prays will work damage to some one else," *Landis*, 299 U.S. at 255, the court fails to see what harm would accrue to defendant should the stay be ordered.  In opposing the motion, defendant fails to identify any such harm.  *See* Def.'s Opp'n 3-4.  As defendant-intervenor has consented to the motion, Pls.' & Pl.-Intervenors' Partial Consent Mot. 6, the court sees no prospect that any party will be harmed by the proposed stay.

Second, defendant argues that "the pending issues in this case do not match and will not be resolved by the litigation in *Union Steel*" because "the pending issue that is relevant to zeroing is whether NTN and JTEKT exhausted their administrative remedies before the agency."  Def.'s Opp'n 4.  The record reveals that NTN raised an issue pertaining to zeroing in its case brief before the Department.  Case Brief of NTN: Japan-specific Segment 5, A-588-804, at 5 (Jun. 1, 2007) (Admin R. Doc. No. 492).  It also reveals that JTEKT did not file an administrative case brief.  As to NTN's obligation to exhaust administrative remedies, defendant argues that NTN, in challenging zeroing below, did not raise the statutory construction issue now before the Court of Appeals, which defendant characterizes as "whether Commerce may interpret 19 U.S.C. § 1677(35) to allow the use of zeroing in the underlying administrative review involving average-to-transaction comparisons while Commerce is not using zeroing in original investigations involving an average-to-average comparison methodology."  Def.'s Opp'n to Pls.' and Pl.-Intervenors' Mots. for J. on the Agency R. 2 (Mar. 16, 2012), ECF No. 76.

The Court of International Trade "shall, where appropriate, require the exhaustion of administrative remedies."  28 U.S.C. § 2637(d) (2006).  The Court of International Trade has discretion with respect to whether to require exhaustion.  *See Corus Staal BV v. United States*, 502 F.3d 1370, 1381 (Fed. Cir.2007) (stating that "applying exhaustion principles in trade cases is subject to the discretion of the judge of the Court of International Trade").  The exhaustion

requirement has several recognized exceptions. *See Gerber Food (Yunnan) Co. v. United States*, 33 CIT \_\_\_, \_\_\_, 601 F. Supp. 2d 1370, 1377 (2009) (indicating situations where waiver of the exhaustion requirement has been recognized as appropriate). The court does not consider it a prudent use of the parties' resources and its own resources to decide, at this time, the exhaustion issues raised by defendant. It is possible that the outcome of the *Union Steel* litigation will make it unnecessary to reach those issues. Therefore, the court does not consider the exhaustion issues presented by this case to be a sufficient ground upon which to deny the pending motion for a stay.

Finally, defendant argues that a stay is inappropriate because this case involves claims other than those pertaining to the Department's use of the zeroing methodology. Def.'s Opp'n 5. Defendant, however, fails to identify any harm that will result to it from a delay in the court's adjudication of those other claims.

In conclusion, the stay sought by plaintiffs and plaintiff-intervenors will serve the interests of judicial economy and conservation of the parties' resources. No showing of harm resulting from the proposed stay has been made. The court, therefore, will grant the pending motion.

**ORDER**

Upon consideration of the Partial Consent Motion for Stay of Proceedings Pending Appeal in *Union Steel v. United States* ("Motion for Stay"), as filed April 17, 2012 by NTN Corporation, NTN Bearing Corporation of America, NTN-Bower Corporation, American NTN Bearing Manufacturing Corporation, NTN-BCA Corporation, and NTN Driveshaft, Inc. (collectively, "NTN") and JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT"), the motion in opposition filed by the United States, the consent of defendant-intervenor, and all other papers and proceedings herein, and upon due deliberation, it is hereby

**Court No. 10-00286** **Page 7**

    **ORDERED** that the Motion for Stay be, and hereby is, GRANTED; and it is further

    **ORDERED** that this case be, and hereby is, stayed until 30 days after the final resolution of all appellate review proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248.

                                                  /s/ Timothy C. Stanceu
                                                  Timothy C. Stanceu
                                                  Judge

Dated: June 4, 2012
New York, New York