Slip. Op. 15-76

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NTN BEARING CORPORATION OF AMERICA, et al., <br><br> Plaintiffs, <br><br> and <br><br> JTEKT CORPORATION, et al., <br><br> Plaintiff-Intervenors <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE TIMKEN COMPANY, <br><br> Defendant-intervenor. | Before: Timothy C. Stanceu, Chief Judge <br><br> Court No. 10-00286 |

## JUDGMENT

The court has reviewed the amended determination on remand ("Amended Remand Redetermination") issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") in this litigation. *Am. Results of Remand Redetermination* (May 7, 2015), ECF No. 101 ("*Am. Remand Redetermination*").[1] The court concludes that the Amended Remand Redetermination complies with the court's opinion and

---

[1] Commerce filed the remand redetermination on May 4, 2015, *Results of Remand Redetermination*, ECF No. 98, and on the same day sought leave to file an amended remand redetermination noting that The Timken Company, defendant-intervenor in this action, had commented on the draft remand redetermination, Def.'s Consent Mot. for an Extension of Time, ECF No. 99. The court granted this request on May 5, 2015. Order, ECF No. 100.

Case 1:10-cv-00286-TCS   Document 104   Filed 07/14/15   Page 2 of 3

Court No. 10-00286                                                                                          Page 2

order in *NTN Corp. of America v. United States,* 39 CIT __, 46 F. Supp. 3d 1375 (2015) ("*NTN*"), to reconsider the final determination in *Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews, Final Results of Changed-Circumstances Review, and Revocation of an Order in Part,* 75 Fed. Reg. 53,661 (Int'l Trade Admin. Sept. 1, 2010) ("*Final Results*"). In *NTN*, the court granted defendant's request for a voluntary remand to Commerce for correction of certain errors in the credit expenses used in the calculation of constructed export price for plaintiffs (collectively, "NTN").[2] *NTN,* 39 CIT at __, 46 F.Supp.3d at 1388-89. The court also held unlawful the Department's policy, rule, or practice of issuing liquidation instructions to U.S. Customs and Border Protection fifteen days after the date of publication of the final results of an administrative review and stated the court's intention of granting a declaratory judgment to this effect when final judgment is entered in this case. *Id.* at __, 46 F.Supp.3d at 1388.

During the remand proceeding, Commerce revised its calculation of NTN's U.S. credit expenses to correct the errors and recalculated the weighted-average dumping margin for NTN. *Am. Remand Redetermination* 1. The changes to the calculation, however, did not result in a change in the weighted-average dumping margin calculated for NTN, which Commerce continued to determine to be 13.46%. *Id.* The Timken Company, defendant-intervenor in this action, filed comments in support of the Amended Remand Redetermination. *The Timken Co.'s Comments on the U.S. Dep't of Commerce's May 7, 2015 Am. Results of Remand Redetermination Pursuant to Ct. Remand* (June 5, 2015), ECF No. 102. No other party to this action filed comments on the Amended Remand Redetermination and no party disputes that the

---

[2] The plaintiffs are NTN Bearing Corp. of Am., NTN Corp., NTN Bower Corp., Am. NTN Bearing Mfg. Corp., NTN–BCA Corp., and NTN Driveshaft, Inc. (collectively "NTN"). Pl.'s Am. Compl. 1 (Oct. 17, 2011), ECF No. 66.

redetermination complies with the court's directive in *NTN*.  Therefore, upon consideration of the Amended Remand Redetermination, all comments thereon, and all other filings and proceedings had herein, and upon due deliberation, it is hereby

      **ORDERED** that the Department's decision to apply the "zeroing" methodology in the *Final Results*, be, and hereby is, affirmed; it is further

      **ORDERED** that the Amended Remand Redetermination be, and hereby is, affirmed; it is further

      **ORDERED** that the Department's policy, rule, or practice of issuing liquidation instructions to U.S. Customs and Border Protection fifteen (15) days after the date of publication of the final results of an administrative review be, and hereby is, declared to have been unlawful as applied to NTN in the implementation of the *Final Results*; and it is further

      **ORDERED** that entries of merchandise that are affected by this litigation shall be liquidated in accordance with the final and conclusive court decision in this action.

      /s/Timothy C. Stanceu
      Timothy C. Stanceu
      Judge

Dated:  July 14, 2015
       New York, New York